# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-06-00634-CV

**Kenda Kushner, Appellant**

**v.**

**Stan Kushner, Appellee**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
NO. D-1-FM-02-003670, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Kenda Kushner appeals the district court's judgment appointing her ex-husband's father, Stanley Kushner, as sole managing conservator of her and her ex-husband's son, M.J.K. In a single issue, Kenda[1] argues that the district court abused its discretion when it failed to strike Stanley's Petition in Intervention of Grandparent in Suit Affecting the Child-Parent Relationship because Stanley failed to allege sufficient facts to satisfy the requirements to intervene under section 102.004(b) of the Texas Family Code. *See* Tex. Fam. Code Ann. § 102.004(b) (West Supp. 2007). We overrule Kenda's issue and affirm the judgment of the district court.

---

[1] To avoid confusion with the common surname, we will refer to the parties by their first names.

## BACKGROUND

Kenda and Phillip Kushner divorced in July 2003. In the final decree of divorce, Kenda was appointed sole managing conservator and Phillip was appointed possessory conservator of the parties' minor child, M.J.K. Phillip filed a petition to modify the parent child relationship in December of 2005. On May 26, 2006, Phillip's father, Stanley Kushner, filed a petition in intervention requesting, among other things, that he be named a joint managing conservator of his grandson, that the child live with him at his residence in Overland Park, Kansas, and that Phillip and Kenda pay him child support. In his petition in intervention, Stanley alleged that "the continued appointment of the child's [m]other as a joint managing conservator would not be in the best interest of the child because the continued appointment of the [m]other would significantly impair the child's physical health or emotional development."

Kenda filed a motion to strike Stanley's petition in intervention on June 19, 2006, complaining that Stanley had not sought leave of the court, had filed his petition only three weeks prior to trial, and had not taken a position adversarial to his son, Phillip. The district court denied the motion to strike and a bench trial was held on July 10, 2006. On July 26, 2006, the district court signed a final order appointing Stanley as sole managing conservator and Phillip and Kenda as possessory conservators of M.J.K.

At Kenda's request, the district court entered findings of fact and conclusions of law. The court's fact findings included the following:

2

### 3. *Alcoholism*

[Kenda] is an alcoholic. [Kenda] is in denial of this fact. On April 1, 2005, [Kenda] overdosed on prescription drugs while intoxicated and while under the influence of marijuana. [Kenda] has stated to the Child Protective Services worker that such incident was an attempt on her part to commit suicide. On May 11, 2005, [Kenda] drove a vehicle with [M.J.K.] while she was intoxicated. On December 5, 2005 [Kenda] became unconscious through intoxication during a time when [M.J.K.] was in her care, and with no other caretakers present. [Kenda] has endangered [M.J.K.] on more than one occasion due to her being intoxicated.

[Stanley] does not abuse alcohol.

### 4. *Use of Illegal Drugs*

[Kenda] has used illegal drugs and allowed others to use illegal drugs in the presence of [M.J.K.].

[Stanley] does not use illegal drugs.

### 5. *Relationship Concerns*

Since the parties' divorce, [Kenda] has married and divorced a man named David Soliz. In April 2005 [Kenda] obtained a Protective Order against David Soliz that is currently in effect. In her application for such Protective Order, [Kenda] swore under oath that David Soliz was abusive towards her and her son [M.J.K.], the child that is the subject of this lawsuit. [Kenda] currently maintains an ongoing relationship with David Soliz. [Kenda's] relationship with David Soliz has been a violent relationship. David Soliz is a danger to [M.J.K.].

[Stanley] is married to Magdalena Kushner. They have a healthy marital relationship, and are both fully capable of caring for [M.J.K.]. It is in the best interest of [M.J.K.] that he live with [Stanley] and that [Stanley] be named as [M.J.K.]'s Sole Managing Conservator.

### 6. *Child Protective Services*

Since the date of the divorce, Child Protective Services has removed the child [M.J.K.] from the home of [Kenda]. Child Protective Services recommended at the time of trial of this cause that [M.J.K.] be taken from the custody of [Kenda] and that [Kenda] be denied access to [M.J.K.], except under supervision. CPS made this recommendation because [Kenda] had endangered [M.J.K.].

It is the recommendation of Child Protective Services that [M.J.K.] live with [Stanley] at his residence in Overland Park, Kansas.

### 7. *Stability of Home Environment*

[Kenda] has not maintained a stable home environment for [M.J.K.]. Since the date of divorce, [Kenda] has moved several times and has lived with several different men. [Kenda] has moved several times within the last 6 months.

[Stanley's home] is a safe and stable environment.

### 8. *Financial Concerns*

[Kenda] has not maintained steady employment since the divorce between the parties. [Kenda] has relied primarily on child support and the generosity of others for her financial support. Kenda has not been able to, with her own efforts to maintain stable employment, pay her rent, or pay the child support she has been ordered to pay for a child by [a] previous marriage.

[Stanley] is able to personally care for [M.J.K.'s] needs financially.

### 9. *Respect for the Rule of Law*

[Kenda] has lied under oath on more than one occasion, both by affidavit and by live testimony. [Kenda] has admitted to lying under oath in order to obtain the Protective Order against David Soliz mentioned above. That Protective Order ordered that David Soliz stay away from [Kenda] and [M.J.K.]. Kenda has violated this Protective Order on more than one occasion by her continued relationship with David Soliz. [Kenda] has violated this Protective Order by allowing David Soliz to be in the presence of [M.J.K.].

## DISCUSSION

Kenda's sole argument on appeal is that the district court abused its discretion in failing to strike Stanley's petition in intervention because Stanley's petition did not allege sufficient facts to satisfy the requirements to intervene under section 102.004(b) of the Texas Family Code. The standard of review for determining whether the trial court improperly denied a motion to strike intervention is abuse of discretion. *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990); *In the Interest of N.L.G.*, 238 S.W.3d 828, 828 (Tex. App.—Fort Worth 2007, no pet.). To determine whether a trial court abused its discretion, we must decide whether it acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

Section 102.004(b) of the family code provides that a:

> court may grant a grandparent or other person deemed by the court to have had substantial past contact with the child leave to intervene in a pending suit filed by a person authorized to do so under this subchapter if there is satisfactory proof to the court that appointment of a parent as a sole managing conservator or both parents as joint managing conservators would significantly impair the child's physical health or emotional development.

Tex. Fam. Code Ann. § 102.004(b). Kenda argues that Stanley's petition is insufficient because he does not allege that the appointment of Phillip as joint managing conservator or sole managing conservator would significantly impair M.J.K.'s physical health or emotional well being. We disagree. Section 102.004(b) of the family code does not require a grandparent to prove that the appointment of *either* parent as a sole managing conservator would significantly impair the child's

5

physical health or emotional development; rather the statute merely requires satisfactory proof that "the appointment of *a parent* as sole managing conservator *or both parents* as joint managing conservators would significantly impair" M.J.K.'s physical health or emotional development. Here, Stanley alleged that "the continued appointment of the child's [m]other as a joint managing conservator would not be in the best interest of the child because the continued appointment of the [m]other would significantly impair the child's physical health or emotional development."[2] Accordingly, we conclude that the district court did not abuse its discretion in denying Kenda's motion to strike Stanley's petition in intervention.

## CONCLUSION

We affirm the district court's judgment appointing Stanley Kushner as sole managing conservator, and Phillip and Kenda Kushner as possessory conservators, of the child M.J.K.

_____

Bob Pemberton, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   March 7, 2008

---

[2] We note that Kenda does not challenge the district court's fact findings, which strongly support these allegations.

6