TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00634-CV






Kenda Kushner, Appellant


v.


Stan Kushner, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT

NO. D-1-FM-02-003670, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Kenda Kushner appeals the district court's judgment appointing her ex-husband's
father, Stanley Kushner, as sole managing conservator of her and her ex-husband's son, M.J.K. 
In a single issue, Kenda (1) argues that the district court abused its discretion when it failed to strike
Stanley's Petition in Intervention of Grandparent in Suit Affecting the Child-Parent Relationship
because Stanley failed to allege sufficient facts to satisfy the requirements to intervene under section
102.004(b) of the Texas Family Code. See Tex. Fam. Code Ann. § 102.004(b) (West Supp. 2007). 
We overrule Kenda's issue and affirm the judgment of the district court.





BACKGROUND


 Kenda and Phillip Kushner divorced in July 2003. In the final decree of divorce,
Kenda was appointed sole managing conservator and Phillip was appointed possessory conservator
of the parties' minor child, M.J.K. Phillip filed a petition to modify the parent child relationship in
December of 2005. On May 26, 2006, Phillip's father, Stanley Kushner, filed a petition in
intervention requesting, among other things, that he be named a joint managing conservator of his
grandson, that the child live with him at his residence in Overland Park, Kansas, and that Phillip and
Kenda pay him child support. In his petition in intervention, Stanley alleged that "the continued
appointment of the child's [m]other as a joint managing conservator would not be in the best interest
of the child because the continued appointment of the [m]other would significantly impair the child's
physical health or emotional development."

 Kenda filed a motion to strike Stanley's petition in intervention on June 19, 2006,
complaining that Stanley had not sought leave of the court, had filed his petition only three weeks
prior to trial, and had not taken a position adversarial to his son, Phillip. The district court denied
the motion to strike and a bench trial was held on July 10, 2006. On July 26, 2006, the district court
signed a final order appointing Stanley as sole managing conservator and Phillip and Kenda as
possessory conservators of M.J.K.

 At Kenda's request, the district court entered findings of fact and conclusions of law. 
The court's fact findings included the following:




 3. Alcoholism


 [Kenda] is an alcoholic. [Kenda] is in denial of this fact. On April 1, 2005,
[Kenda] overdosed on prescription drugs while intoxicated and while under the
influence of marijuana. [Kenda] has stated to the Child Protective Services worker
that such incident was an attempt on her part to commit suicide. On May 11, 2005,
[Kenda] drove a vehicle with [M.J.K.] while she was intoxicated. On December
5, 2005 [Kenda] became unconscious through intoxication during a time when
[M.J.K.] was in her care, and with no other caretakers present. [Kenda] has
endangered [M.J.K.] on more than one occasion due to her being intoxicated.


 [Stanley] does not abuse alcohol.


 4. Use of Illegal Drugs


 [Kenda] has used illegal drugs and allowed others to use illegal drugs in the
presence of [M.J.K.].

 

 [Stanley] does not use illegal drugs.

 

 5. Relationship Concerns

 

 Since the parties' divorce, [Kenda] has married and divorced a man named
David Soliz. In April 2005 [Kenda] obtained a Protective Order against David Soliz
that is currently in effect. In her application for such Protective Order, [Kenda]
swore under oath that David Soliz was abusive towards her and her son [M.J.K.], the
child that is the subject of this lawsuit. [Kenda] currently maintains an ongoing
relationship with David Soliz. [Kenda's] relationship with David Soliz has been a
violent relationship. David Soliz is a danger to [M.J.K.].

 

 [Stanley] is married to Magdalena Kushner. They have a healthy marital
relationship, and are both fully capable of caring for [M.J.K.]. It is in the best interest
of [M.J.K.] that he live with [Stanley] and that [Stanley] be named as [M.J.K.]'s Sole
Managing Conservator.




 6. Child Protective Services


 Since the date of the divorce, Child Protective Services has removed the child
[M.J.K.] from the home of [Kenda]. Child Protective Services recommended at the
time of trial of this cause that [M.J.K.] be taken from the custody of [Kenda] and that
[Kenda] be denied access to [M.J.K.], except under supervision. CPS made this
recommendation because [Kenda] had endangered [M.J.K.].


 It is the recommendation of Child Protective Services that [M.J.K.] live with
[Stanley] at his residence in Overland Park, Kansas.


 7. Stability of Home Environment


 [Kenda] has not maintained a stable home environment for [M.J.K.]. Since
the date of divorce, [Kenda] has moved several times and has lived with several
different men. [Kenda] has moved several times within the last 6 months.

 

 [Stanley's home] is a safe and stable environment.


 8. Financial Concerns


 [Kenda] has not maintained steady employment since the divorce between the
parties. [Kenda] has relied primarily on child support and the generosity of others
for her financial support. Kenda has not been able to, with her own efforts to
maintain stable employment, pay her rent, or pay the child support she has been
ordered to pay for a child by [a] previous marriage.

 

 [Stanley] is able to personally care for [M.J.K.'s] needs financially.


 9. Respect for the Rule of Law


 [Kenda] has lied under oath on more than one occasion, both by affidavit and
by live testimony. [Kenda] has admitted to lying under oath in order to obtain the
Protective Order against David Soliz mentioned above. That Protective Order
ordered that David Soliz stay away from [Kenda] and [M.J.K.]. Kenda has violated
this Protective Order on more than one occasion by her continued relationship with
David Soliz. [Kenda] has violated this Protective Order by allowing David Soliz to
be in the presence of [M.J.K.].



DISCUSSION Kenda's sole argument on appeal is that the district court abused its discretion
in failing to strike Stanley's petition in intervention because Stanley's petition did not allege
sufficient facts to satisfy the requirements to intervene under section 102.004(b) of the Texas
Family Code. The standard of review for determining whether the trial court improperly denied a
motion to strike intervention is abuse of discretion. Guaranty Fed. Sav. Bank v. Horseshoe
Operating Co., 793 S.W.2d 652, 657 (Tex. 1990); In the Interest of N.L.G., 238 S.W.3d 828, 828
(Tex. App.--Fort Worth 2007, no pet.). To determine whether a trial court abused its discretion, we
must decide whether it acted without reference to any guiding rules or principles; in other words,
whether the act was arbitrary or unreasonable. See Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985).

 Section 102.004(b) of the family code provides that a:


 court may grant a grandparent or other person deemed by the court to have had
substantial past contact with the child leave to intervene in a pending suit filed by a
person authorized to do so under this subchapter if there is satisfactory proof to the
court that appointment of a parent as a sole managing conservator or both parents as
joint managing conservators would significantly impair the child's physical health
or emotional development.



Tex. Fam. Code Ann. § 102.004(b). Kenda argues that Stanley's petition is insufficient because
he does not allege that the appointment of Phillip as joint managing conservator or sole
managing conservator would significantly impair M.J.K.'s physical health or emotional well being. 
We disagree. Section 102.004(b) of the family code does not require a grandparent to prove that the
appointment of either parent as a sole managing conservator would significantly impair the child's
physical health or emotional development; rather the statute merely requires satisfactory proof that
"the appointment of a parent as sole managing conservator or both parents as joint managing
conservators would significantly impair" M.J.K.'s physical health or emotional development. Here,
Stanley alleged that "the continued appointment of the child's [m]other as a joint managing
conservator would not be in the best interest of the child because the continued appointment of the
[m]other would significantly impair the child's physical health or emotional development." (2) 
Accordingly, we conclude that the district court did not abuse its discretion in denying Kenda's
motion to strike Stanley's petition in intervention.


CONCLUSION

 We affirm the district court's judgment appointing Stanley Kushner as sole managing
conservator, and Phillip and Kenda Kushner as possessory conservators, of the child M.J.K.



 ____________________________________________

 Bob Pemberton, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed: March 7, 2008
1. To avoid confusion with the common surname, we will refer to the parties by their first
names.
2. We note that Kenda does not challenge the district court's fact findings, which strongly
support these allegations.