

Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-07-00566-CV

**IN THE INTEREST OF S.L.M.**, a Child

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-PA-02114
Honorable Larry Noll, Judge Presiding

Opinion by:    Alma L. López, Chief Justice

Sitting:    Alma L. López, Chief Justice
Phylis J. Speedlin, Justice
Rebecca Simmons, Justice

Delivered and Filed: June 18, 2008

AFFIRMED

Gary and Cindy B., the adoptive parents of S.B., appeal the trial court's decree of adoption granting the petition filed by Michelle and Jerry S. to adopt S.L.M. S.B. and S.L.M. are biological half-siblings. Gary and Cindy B. contend the trial court erred by: (1) determining they lacked standing to intervene and request to be appointed S.L.M.'s sole managing conservators; and (2) denying their request on behalf of S.B. for visitation with S.L.M. We affirm the trial court's order.

## BACKGROUND

S.L.M. was born on October 4, 2005. S.L.M. was removed from her parents' care by the Texas Department of Family and Protective Services and was placed in a foster home with Michelle and Jerry S. on October 28, 2005. The parents' rights to S.L.M. were terminated in a separate cause

on October 9, 2006.  On that same day, Michelle and Jerry S. filed their petition to adopt S.L.M. in the underlying cause.[1]  Gary and Cindy B. filed a petition in intervention seeking to be appointed S.L.M.'s sole managing conservators in view of the biological relationship between S.B. and S.L.M. The trial court determined that Gary and Cindy B. did not have standing to intervene and did not enter any visitation order on behalf of S.B.

## DISCUSSION

Generally, an intervenor must show standing to maintain an original suit in order to intervene. *Whitworth v. Whitworth*, 222 S.W.3d 616, 621 (Tex. App.—Houston [1st Dist.] 2007, no pet.). However, an intervenor in a suit affecting the parent-child relationship does not need to plead or prove the standing required to institute an original suit because managing conservatorship is already in issue. *Id.*  Because the rights of S.L.M.'s parents were previously terminated, section 102.004(b) of the Texas Family Code permitted Gary and Cindy B. to intervene as an "other person" if they had substantial past contact with S.L.M.  TEX. FAM. CODE ANN. §102.004(b) (Vernon Supp. 2007); *Whitworth*, 222 S.W.3d at 621; *In re N.B.B.*, No. 04-06-00342-CV, 2007 WL 3171267, at *6 (Tex. App.—San Antonio Oct. 31, 2007, no pet.) (mem. op.).  Although Gary and Cindy B. argue that section 102.004(b) applies only to interventions seeking possessory conservatorship, section 102.004(b) applies to interventions seeking both managing and possessory conservatorship. *Whitworth*, 222 S.W.3d at 621; *In re Hidalgo*, 938 S.W.2d 492, 495-95 (Tex. App.—Texarkana 1996, no writ).

---

[1]Because this appeal is not from the order terminating the biological parents rights but from the decree of adoption entered in a separate cause, the jurisdictional argument asserted by Michelle and Jerry S. based on section 263.405 of the Texas Family Code is unavailing.

We review a trial court's determination of standing to intervene under an abuse of discretion standard. *In re N.L.G.*, 238 S.W.3d 828, 829-30 (Tex. App.—Forth Worth 2007, no pet.); *Whitworth*, 222 S.W.3d at 621. Gary and Cindy B. do not argue that the trial court abused its discretion in determining that they did not have substantial past contact with S.L.M. Instead, they argue that the trial court should have permitted them to intervene because they had a justiciable interest sufficient to confer standing. In the alternative, they argue that the actions by Michelle and Jerry S. in preventing them from having substantial past contact with S.L.M. establishes equitable standing.

With regard to their first issue, section 102.004(b) explicitly sets forth who may intervene in a suit seeking to establish managing conservatorship. TEX. FAM. CODE ANN. § 102.004(b) (Vernon Supp. 2007). Gary and Cindy B. did not meet that criteria. In a similar context involving a step-grandparent, the Texas Supreme Court rejected a standing argument based on an asserted justiciable interest, holding, "We cannot conclude that [the step-grandparent] has a justiciable interest in the controversy sufficient to override the statutory text" that explicitly sets forth who may sue for access. *In re Derzapf*, 219 S.W.3d 327, 332-33 (Tex. 2007). Similarly, in this case, we cannot conclude that Gary and Cindy B. have a justiciable interest in the controversy sufficient to override the statutory text requiring them to have substantial past contact in order to intervene as an "other person." *See id*.

With regard to their second issue, this court has recently held that equity "cannot confer jurisdiction where none exists." *In re H.G.*, No. 04-07-00656-CV, 2008 WL 2355008, at *3 (Tex. App.—San Antonio June 11, 2008, no pet. h.); *but see In re H.G.*, 2008 WL 2355008, at *4-6

(Lopez, C.J., dissenting). This court concluded, "Whether [a party has] standing under the Texas Family Code must be determined under the Texas Family Code." *Id*. at \*4. Accordingly, Gary and Cindy B. cannot establish equitable standing.

Finally, Gary and Cindy B. contend the trial court erred in denying S.B. visitation rights. Although section 153.551 establishes a statutory right to seek sibling access, section 102.0045 requires the sibling requesting access to be at least 18 years of age.[2] TEX. FAM. CODE ANN. § 153.551, 102.0045 (Vernon Supp. 2007). Since S.B. is not at least eighteen years of age, she does not have standing to seek sibling access. *Id*.; *but see generally* Paige Ingram Castañeda, Comment, *O Brother (or Sister), Where Art Thou: Sibling Standing in Texas*, 55 BAYLOR L. REV. (2003) (arguing legislature should extend standing to both adult and minor siblings and allow them to petition court for sibling access or visitation).

In their reply brief, Gary and Cindy B. argue that S.B. is not required to establish standing under section 102.0045 in order to intervene or, in the alternative, the statute restricting standing to siblings at least 18 years of age is unconstitutional. Even if we were to somehow determine that S.B. had standing to seek visitation, however, we would still affirm the trial court's judgment. In order for a sibling to be granted reasonable access, the trial court must find that such access is in the best interest of the child. TEX. FAM. CODE ANN. § 153.552 (Vernon Supp. 2007). In this case, the trial court heard a great deal of evidence of the animosity between Gary and Cindy B. and Michelle and

---

[2]Sections 102.0045 and 153.551 were added to the Texas Family Code through the passage of House Bill 270 in 2005 by the Texas Legislature. Act of May 25, 2005, 79th Leg., R.S., ch. 1191, 2005 Tex. Gen. Laws 3906-07 (codified at TEX. FAM. CODE ANN. §§ 102.0045, 153.551). As introduced, House Bill 270 provided standing for all siblings; however, the House Committee on Juvenile Justice & Family Issues modified the original version to require a sibling seeking access to be at least 18 years of age. House Comm. on Juvenile Justice & Family Issues, Bill Analysis, Tex. H.B. 270, 29th Leg., R.S. (2005).

Jerry S. Although Michelle and Jerry S. testified that they were in favor of the siblings visiting each other, the trial court noted at the motion to enter judgment, "I think you have caught them by surprise with all of these threats of appeal, and I can see why they would be somewhat concerned." The trial court further noted, "I don't think that putting anything in place by virtue of an order or a directive is going to do anything but complicate the situation." The trial court again expressed its concern regarding the effect the parties' contention could have on S.L.M.'s best interest at the hearing on the motion for new trial, stating:

> I don't think that is – I don't think anything is to be served by pursuing [the sibling visitation]. I really don't. I don't see – That's just going to make things worse and it's going to make things possibly more contentious, and I think we are getting far afield for what's best for these children and, in particular, the child that was allowed to be adopted by [Michelle and Jerry S.]. ... It would be my hope down the road that y'all could put your differences aside and there could be some contact later on, but I certainly am not in a position to order that.

Therefore, even assuming S.B. had standing to seek access to S.L.M., given the evidence presented at trial, the trial court would not have abused its discretion in determining that ordering reasonable access to S.L.M. by S.B. would not be in S.L.M.'s best interest.

## CONCLUSION

The trial court's judgment is affirmed.

Alma L. López, Chief Justice