02-11-081-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00081-CV

 

 


 
 
 In re S.B., T.B., and L.M.
 
 
  
 
 
 RELATORS
 
 


 

 

----------

 

ORIGINAL PROCEEDING

----------

 

MEMORANDUM
OPINION[1]

----------

 

This
original proceeding stems from a termination suit filed by prospective adoptive
parents.  We conditionally grant the relief requested by relators S.B. and T.B. 
We deny L.M.’s requested relief.

Factual
and Procedural Background

B.D.
and A.D., real parties in interest and the prospective adoptive parents, filed
an Original Petition to Terminate Parent-Child Relationship on September 3,
2009, seeking to terminate the parental rights of relator L.M. to her unborn
child.  The suit also sought to have real parties named managing conservators
upon termination so that they could adopt the child.  As grounds for
termination, real parties alleged that L.M. had executed an unrevoked or
irrevocable affidavit of relinquishment.[2]  L.M. had signed a Statement
to Confer Standing that real parties attached to the petition.  See Tex.
Fam. Code Ann. § 102.0035 (Vernon 2008).

The
child, B.D., was born on September 7, 2009, and L.M. signed an affidavit of
relinquishment on September 7, 2009 at 3:56 p.m.[3]  But on September 21,
2009, L.M. signed a Revocation of Mother’s Affidavit for Voluntary
Relinquishment of Parental Rights, witnessed by two parties.  L.M. mailed this revocation
to both real parties and the trial court.  She has consistently maintained
since then that she does not want to terminate her parental rights to B.D.  To
that end, she has filed an original and amended motion for writ of attachment
seeking B.D.’s return to her possession.  During this time, B.D. has lived with
real parties.

On
October 15, 2009, real parties filed a Second Amended Petition to Terminate
Parent-Child Relationship, alleging additional grounds for termination:  that
both L.M. and J.M. had “voluntarily left the child alone or in the possession
of another not the parent and expressed an intent not to return.”

On
April 20, 2010, the trial court signed temporary orders appointing real parties
temporary managing conservators and L.M. temporary possessory conservator of
B.D.  The orders gave L.M., who lives in New Mexico, supervised access to B.D.
on two Saturdays and two Sundays per month at Tarrant County Family Court
Services.  On July 7, 2010, L.M. filed an affidavit with the trial court
indicating that she wished for her parents, S.B. and T.B. (intervenors), who
also live in New Mexico, to have temporary possession of B.D. so that L.M.
could bond and have regular contact with her.  L.M. said she would agree to
supervised contact if required by the trial court; however, she further indicated
her desire that this contact take place with intervenors in New Mexico.

On
July 14, 2010, intervenors filed a Petition in Intervention in Suit for
Termination or Alternatively for Managing Conservatorship in real parties’
termination suit.  They pled that it was in B.D.’s best interest that they be
named her managing conservators and that appointment of L.M. and J.M. as joint
managing conservators would not be in B.D.’s best interest because it “would
significantly impair the child’s physical health or emotional development.”  They also
requested (1) dismissal of real parties’ suit, (2) alternatively, that the trial
court appoint them and L.M. as temporary joint managing conservators, with
intervenors as the conservators with exclusive right to designate B.D.’s
primary residence, or (3) also alternatively, that the trial court “set[] an
access and possession schedule between” them and B.D.  They further requested
that real parties be permanently enjoined from keeping B.D. in their
possession.  Attached to the petition are consents by both biological parents, L.M.
and J.M., to the intervention under section 102.004(a)(2).  Real parties
answered the petition in intervention, alleging that the intervenors do not
have standing to intervene in the pending suit.

L.M.
filed a motion to dismiss the real parties’ termination suit in October 2010,
alleging that real parties do not have standing.

On
October 13, 2010, the associate trial judge struck the petition in
intervention, stating that “[i]ntervenors cannot rely on § 102.004(a)(2) for
standing since . . . that statute clearly allows an original suit to be
filed upon the parents[’] consent, not an intervention in an existing
suit.”  On October 26, 2010, the associate judge denied L.M.’s motion to
dismiss.

Both
L.M. and the intervenors requested a de novo hearing before the trial judge.  The
trial judge affirmed the associate judge’s rulings.[4]

L.M.
and the intervenors jointly filed this mandamus.  L.M. asks this court to
vacate the trial court’s order refusing to dismiss real parties’ petition.  We
deny L.M.’s requested relief.  See Tex. R. App. P. 52.8(a), (d).

The
intervenors ask that we vacate the trial court’s order striking their petition
in intervention.  For the reasons set forth below, we grant their requested relief.

Analysis
of Intervenors’ Issue

Section
102.004(a) of the family code provides that a grandparent who does not
otherwise have standing under section 102.003 may file an original suit
requesting managing conservatorship of a child upon providing satisfactory
proof to the court that (1) “the child’s present circumstances would
significantly impair the child’s physical health or emotional development” or
(2) “both parents, the surviving parent, or the managing conservator or
custodian either filed the petition or consented to the suit.”  Tex. Fam. Code
Ann. § 102.004(a)(1)–(2) (Vernon 2008).  Section 102.004(b) provides that a
grandparent may not file an original suit seeking possessory conservatorship of
a child but may intervene in a suit in which another party is seeking
possessory conservatorship upon a showing that “appointment of a parent as a
sole managing conservator or both parents as joint managing conservators would
significantly impair the child’s physical health or emotional development.”  Id.
§ 102.004(b).  Real parties contend that intervenors cannot intervene in their
suit seeking termination and managing conservatorship because a petition in
intervention seeking managing conservatorship is not an “original suit.”

Generally,
an intervenor must show standing to maintain an original suit in order to
intervene.  In re M.J.G., 248 S.W.3d 753, 757 (Tex. App.––Fort Worth
2008, no pet.); Whitworth v. Whitworth, 222 S.W.3d 616, 621 (Tex. App.––Houston
[1st Dist.] 2007, no pet.)  (op. on reh’g).  Section 102.004(b) provides a
relaxed standard for grandparents (and other persons with substantial past contact
with a child) who do not otherwise have standing to file an original suit to
intervene in a pending suit filed by a person with such standing.  See,
e.g., In re K.N.M., No. 02-08-00308-CV, 2009 WL 2196125, at *4 (Tex.
App.––Fort Worth July 23, 2009, no pet.) (mem. op.); In re N.L.G., 238
S.W.3d 828, 829–31 (Tex.  App.––Fort Worth 2007, no pet.) (describing
subsection (b) as providing additional, “relaxed” way for foster parents to
participate in termination suit).  A grandparent who does not have standing to
file an original suit under section 102.004(a) may nevertheless still be
granted leave to intervene in a pending suit under subsection (b) if the trial
court determines that appointment of one or both parents as managing
conservators would significantly impair the child’s physical health or
emotional development.  M.J.G., 248 S.W.3d at 757, 761.  Subsection (b)
was added to provide those persons who did not otherwise have standing to file
an original suit permission to intervene in a pending suit brought by a person
with standing.  See, e.g., N.L.G., 238 S.W.3d at 829–31; Villareal v.
Villareal, No. 14-04-00071-CV, 2005 WL 3116218, at *1 (Tex. App.––Houston
[14th Dist.] Nov. 23, 2005) (mem. op.).  In other words, the existence of
subsection (b), allowing a grandparent to intervene in a pending suit if he or
she can make the required showing that the appointment of one or both parents
as managing conservator would significantly impair the emotional development or
physical health of the child, does not prohibit a grandparent who has standing
under subsection (a) from intervening in an existing suit under that subsection. 
See M.J.G., 248 S.W.3d at 761 (“If a grandparent does not establish
the right to intervene by showing standing to maintain an original SAPCR,
section 102.004 of the family code provides that a trial court may grant a
grandparent leave to intervene in a pending child custody suit ‘if there is
satisfactory proof to the court that appointment of a parent as a sole managing
conservator or both parents as joint managing conservators would significantly
impair the child’s physical health or emotional development.’” (emphasis
added)).  The legislature could not have intended that the burden to intervene
in an existing suit be higher than the burden to initiate an original suit
under section 102.004(a).  See City of Rockwall v. Hughes, 246 S.W.3d
621, 625–26 (Tex. 2008).[5]

Here,
intervenors have established that they have the right to bring an original suit
requesting managing conservatorship because they have obtained the consent of
both parents.  See Tex. Fam. Code Ann. § 102.004(a)(2).  Thus, they also
have the right to intervene in real parties’ original, pending suit to terminate
L.M.’s parental rights and seek managing conservatorship of B.D., and the trial
court abused its discretion by striking their petition in intervention.[6] 
See In re C.G.C., No. 12-08-00253-CV, 2010 WL 338062, at *4–5 (Tex.
App.––Tyler Jan. 29, 2010, no pet.) (mem. op.); In re Cervantes, 300
S.W.3d 865, 875–77 (Tex. App.––Waco 2009, orig. proceeding) (op. on reh’g).

Furthermore,
relators do not have an adequate remedy by appeal.  If the trial court decides
to terminate L.M.’s and J.M.’s parental rights, intervenors will no longer be
able to maintain a suit for managing conservatorship of B.D.  See Tex.
Fam. Code Ann. § 102.006 (Vernon 2008).

Conclusion

Accordingly, we conclude that relators S.B.
and T.B. are entitled to mandamus relief.  We order the trial court to vacate
its ruling dismissing their petition in intervention.  Writ will issue only if
the trial court promptly fails to do so.[7]

 

 

TERRIE LIVINGSTON
CHIEF JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; MCCOY and GABRIEL, JJ.

 

GABRIEL,
J. dissents without opinion.

 

DELIVERED: March 11, 2011









[1]See Tex. R. App. P. 47.4, 52.8(d).





[2]They also sought to
terminate the rights of the child’s presumed father, J.M., on grounds that he
executed an unrevoked or irrevocable affidavit of relinquishment or that he
abandoned L.M. voluntarily with knowledge of her pregnancy.  Contrary to
counsel’s statements on the record before the trial court, it appears that J.M.
has never signed an affidavit of relinquishment.





[3]We have not been presented
with any evidence showing what time the child was born.  See Tex. Fam.
Code Ann. § 161.103(a)(1) (Vernon 2008).





[4]Relators originally
provided this court with only a letter ruling by the trial judge.  Real parties
contended in their response that the trial judge’s letter ruling is not
reviewable by mandamus because it is not reduced to a written order. 
In their reply brief, relators provided this court with an order signed by
the trial judge.  See Tex. R. App. P. 52.7(b).  However, even if they
had not done so, the trial court’s letter clearly shows a present intent to
rule, stating, “Their intervention is dismissed.”  See, e.g., Reese v.
Piperi, 534 S.W.2d 329, 330 (Tex. 1976) (“The rendition of judgment is a
present act, either by spoken word or signed memorandum, which decides the
issues upon which the ruling is made.”); In re Perritt, 973 S.W.2d 776,
779 (Tex. App.––Texarkana 1998, orig. proceeding) (holding that even an oral
ruling may be complained of on mandamus as long as it is clearly shown in the
record); cf. Wittau v. Storie, 145 S.W.3d 732, 735 (Tex. App.––Fort
Worth 2004, no pet.) (holding that a trial court’s judgment is rendered when
court officially announces its decision in open court or signs a judgment). 
Although a trial court’s ruling must generally be final for appeal purposes, it
need not be so for mandamus purposes.  See Tex. R. App. P. 26.1 (setting
forth deadlines for filing of notice of appeal from date judgment is signed); Holloway
v. Fifth Court of Appeals, 767 S.W.2d 680, 684 (Tex. 1989) (holding that
mandamus does not generally lie from same order while appeal pending because
remedy is adequate by appeal).





[5]Real parties contend that
subsection (b) should control over subsection (a) because it is more specific;
however, that rule does not apply here because (a) and (b) are not
irreconcilable and because, as this court and other intermediate appellate
courts have held, (b) is a fall-back provision under which a grandparent can
participate in a suit if he or she cannot maintain an original suit under (a)
or another provision of the family code.  Real parties contend that (b) was
added so that an unfit parent cannot “consent to grandparents to fight a
custody battle by proxy when there is a fit parent capable of being the child’s
managing conservator.”  But standing under 102.004(a)(2) is not premised on
fitness; under the plain language of the subsection, fit or unfit parents, or a
fit or unfit sole surviving parent, managing conservator, or custodian, can
consent to a grandparent filing an original suit requesting managing
conservatorship.  See Tex. Fam. Code Ann. § 102.004(a)(2).  The constitutional
safeguard against state interference in the parent-child relationship as set
forth in Troxel v. Granville is not violated if parents themselves
(whether fit or unfit) willingly choose to allow a grandparent to file a suit
(in intervention or otherwise) seeking managing conservatorship of a child. 
530 U.S. 57, 67, 120 S. Ct. 2054, 2061 (2000).





[6]Real parties alleged that
T.B. is L.M.’s stepfather and not her biological father.  S.B. and T.B. have
consistently pleaded that they are the “maternal grandparents.”  Because the
trial court did not hear evidence on this matter and did not resolve this fact
issue in deciding to dismiss the petition in intervention, we cannot uphold the
trial court’s decision as to T.B. on this basis.  The parties are free to
develop the facts as to this issue in the trial court.  See In re
Chassidie Russell, 321 S.W.3d 846, 858 (Tex. App.––Fort Worth 2010, orig.
proceeding).





[7]In the interest of
promoting the prompt resolution of this case, we deny the motion for temporary
relief.  If intervenors do not have adequate time to prepare for trial, which
they have not alleged in this court, they may seek a motion for continuance in
the trial court.