

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00208-CV

**IN THE INTEREST OF A.T.G.**, a Child

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-PA-02153
Honorable Richard Garcia, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:         Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  September 26, 2018

REVERSED AND REMANDED

Johnny and Ricardo,[1] A.T.G.'s former foster parents, appeal a final judgment the trial court rendered after striking their petition to intervene in a suit to terminate the parental rights of A.T.G.'s parents. Johnny and Ricardo contend the trial court erred by granting the Department of Family and Protective Services' motion to strike their petition in intervention. We reverse the trial court's judgment and remand for further proceedings.

### BACKGROUND

In September 2016, the Department filed a petition seeking conservatorship of A.T.G. and to terminate the parent–child relationship between A.T.G. and his parents, Alexis and Davis. The

---

[1] To protect the identity of minor children in an appeal from an order terminating parental rights, parents are referred to by their first names and children are referred to by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014); TEX. R. APP. P. 9.8(b)(2).

Department removed A.T.G. based on allegations that Alexis wanted to relinquish her parental rights and had left A.T.G. with his grandmother, who reportedly abused drugs. Alexis had no information about A.T.G.'s father, other than his name, Davis. The Department located Davis in Iowa, and after a DNA test, Davis was adjudicated A.T.G.'s father.

The Department placed A.T.G. with Johnny and Ricardo in September 2016. Over twelve months later in September 2017, Johnny and Ricardo filed a petition to intervene in the pending suit. They sought to be named A.T.G.'s permanent managing conservators and to terminate the parental of rights of Alexis and Davis on the same grounds alleged by the Department. Johnny and Ricardo conducted discovery, and the trial court set the case for a jury trial for Monday, February 26, 2018.

On Saturday, February 24, 2018, the Department filed a motion to strike all of Johnny and Ricardo's pleadings, arguing Johnny and Ricardo lacked standing. The trial court set the hearing on the motion also for February 26, 2018. Johnny and Ricardo filed a verified motion for continuance based on the Department's failing to timely disclose evidence and giving insufficient notice of the hearing on the Department's motion to strike. The trial court proceeded to hear the Department's motion on February 26, 2018, and ruled in the Department's favor. The trial court reduced its order to writing and signed a final judgment in this case appointing Alexis and Davis as A.T.G.'s joint managing conservators. Johnny and Ricardo timely appealed.

## MOTION TO STRIKE PETITION IN INTERVENTION

Johnny and Ricardo argue the trial court erred by granting the Department's motion to strike their petition in intervention. We review a trial court's ruling on a motion to strike a foster parent's petition in intervention based on lack of standing for an abuse of discretion. *In re N.L.G.*, 238 S.W.3d 828, 829 (Tex. App.—Fort Worth 2007, no pet.). A trial court abuses its discretion if its ruling is arbitrary, unreasonable, or made without reference to any guiding rules or principles.

*Id.* at 829-30. "Although the trial court has broad discretion in determining whether an intervention should be stricken, it is an abuse of discretion to strike a plea in intervention if (1) the intervenor [could have brought the same action], (2) the intervention will not complicate the case by an excessive multiplication of the issues, and (3) the intervention is almost essential to effectively protect the intervenor's interest." *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990) (op. on reh'g); *see* TEX. R. CIV. P. 60.

When, as here, the trial court does not issue any findings of fact and conclusions of law, we must affirm a trial court's ruling if it is correct on any theory of law applicable to the case. *See In re B.L.R.*, No. 01-16-00219-CV, 2018 WL 708545, at *9 (Tex. App.—Houston [1st Dist.] Feb. 6, 2018, no pet.). The two bases for the Department's motion to strike were: (1) Johnny and Ricardo lacked standing to intervene under section 102.004 of the Texas Family Code; and (2) "there is good cause to strike the plea in intervention because the intervention will overly complicate the remaining issues under this cause." The Department did not allege in its motion or argue at the hearing on its motion to strike that the intervention is not "almost essential to effectively protect the intervenor's interest." We begin with the issue of standing.

## A. Standing

"Generally, an intervenor must have standing to maintain an original suit in order to intervene." *In re A.L.H.*, 515 S.W.3d 60, 83 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (citing *Guar. Fed. Sav. Bank*, 793 S.W.2d at 657). "A party's standing to file an original suit affecting a parent-child relationship is governed by section 102.003 of the Family Code." *Id.* (citing TEX. FAM. CODE. ANN. § 102.003 (West Supp. 2017)). "Section 102.003 enumerates the people who may file an original suit affecting the parent-child relationship. One of those people is 'the foster parent of a child placed by the Department of Family and Protective Services in the

person's home for at least 12 months ending not more than 90 days preceding the date of the filing of the petition.'" *Id.* (quoting TEX. FAM. CODE. ANN. § 102.003(a)(12)).

A.T.G. was placed with Johnny and Ricardo on September 16, 2016. Johnny and Ricardo filed their original petition in intervention on September 27, 2017, over twelve months after A.T.G. was placed in Johnny and Ricardo's home. A.T.G. was still living with Johnny and Ricardo when they filed their original petition in intervention. Johnny and Ricardo would have had standing under section 102.003(a)(12) to file an original suit affecting the parent-child relationship on September 27, 2017. *See id.* Accordingly, they had standing to intervene under section 102.003(a)(12). *See id.*[2] Because we may not affirm the trial court's order on the basis that Johnny and Ricardo lacked standing, we turn to whether Johnny and Ricardo's intervention excessively multiplied the issues in the case.

**B. Excessive Multiplication of the Issues**

The only other basis for the Department's motion to strike was that allowing Johnny and Ricardo to intervene would complicate the case by an excessive multiplication of the issues. *See Guar. Fed. Sav. Bank*, 793 S.W.2d at 657. However, the record establishes that the relief Johnny and Ricardo sought—termination of Davis's and Alexis's parental rights and managing conservatorship of A.T.G.—was almost identical to the relief sought by the Department. Johnny and Ricardo also sought termination of Davis's and Alexis's parental rights on grounds identical to the grounds alleged by the Department. The Department argues Johnny and Ricardo could have filed an original suit after the trial court proceeding had been completed, but this would have

---

[2] The Department argues an intervening foster parent must also satisfy the requirements of section 102.004(b). *See* TEX. FAM. CODE. ANN. § 102.004(b) (West 2014). However, we note that although the Legislature amended section 102.004(b) to increase the requirements for foster-parent intervention, we must apply the former version of the statute. This court has already determined that under the prior version of the statute, "foster parents have standing to intervene if the child involved was placed by the Department in the foster parents' home for at least a twelve month period ending not more than ninety days preceding the date the petition is filed." *In re Howell*, No. 04-16-00258-CV, 2016 WL 3181338, at *1 (Tex. App.—San Antonio June 8, 2016, no pet.) (per curiam) (mem. op.).

resulted in a multiplicity of lawsuits and threatened A.T.G.'s permanency. *See* TEX. FAM. CODE. ANN. § 153.001(a)(2) (West 2014) (declaring it the public policy of the state to provide a stable environment for children). We hold the other basis for the Department's motion to strike Johnny and Ricardo's pleadings—excessive multiplication of the issues—lacks merit. *See Guar. Fed. Sav. Bank*, 793 S.W.2d at 657; *see also Metromedia Long Distance, Inc. v. Hughes*, 810 S.W.2d 494, 497 (Tex. App.—San Antonio 1991, writ denied).

In its brief, the Department does not argue Johnny and Ricardo's intervention would excessively multiply the issues and instead argues, for the first time, that intervention was not almost essential to protect Johnny and Ricardo's rights. The Department explains that Johnny and Ricardo could have waited until the Department's suit was over and then filed an original suit. But the record establishes the trial court was determining A.T.G.'s best interest at the time of trial. Furthermore, the trial court awarded possession to Davis, which threatened Johnny and Ricardo's ability to file an original suit under section 102.003(a)(12) after the Department's suit was over. *See Guar. Fed. Sav. Bank*, 793 S.W.2d at 657; *see also* TEX. R. CIV. P. 90. Thus, Johnny and Ricardo's intervention was almost essential to effectively protect their interests in this case. *See Guar. Fed. Sav. Bank*, 793 S.W.2d at 657. We hold the trial court abused its discretion by granting the Department's motion to strike.

## CONCLUSION

We reverse the trial court's judgment and remand this case for a new trial. *See Prototype Mach. Co. v. Boulware*, 292 S.W.3d 169, 172 (Tex. App.—San Antonio 2009, no pet.) (reversing and remanding after holding the trial court abused its discretion in striking a petition in intervention).

Luz Elena D. Chapa, Justice