**Flodene Blane GLOVER, Appellant,**

v.

**Marjorie S. MOORE, Public Welfare Supervisor I, Social Service Unit 038, Hunt County, Appellee.**

No. 4878.

Court of Civil Appeals of Texas, Eastland.

March 25, 1976.

Rehearing Denied April 22, 1976.

Paul Banner, Greenville, for appellant.

Jerry Spencer Davis, Dist. Atty., Greenville, Donald R. Smith (amicus curiae), Dallas, for appellee.

McCLOUD, Chief Justice.

Flodene Blane Glover, the biological mother of C.D.G., filed a motion requesting the court to modify its former order, and appoint her managing conservator of C.D.G. The former order terminated the parental rights of the mother. Marjorie S. Moore, Public Welfare Supervisor I, Social Service Unit 038, managing conservator of the child, filed a motion to dismiss which was granted. Flodene Blane Glover has appealed. We affirm.

The court entered an order on August 14, 1974, finding the child to be dependent and neglected and terminated the parent-child relationship between the biological mother and the child. Flodene Blane Glover appealed that decision which was affirmed by the Beaumont Court of Civil Appeals in an unpublished opinion (No. 7678, March 27, 1975, no writ). After the appellate decision became final, Flodene Blane Glover filed the present action requesting that she be named managing conservator.

█ A decree terminating the parent-child relationship divests the parent and child of all legal rights, privileges, duties, and powers, with respect to each other, except that the child retains the right to inherit from its parent unless the court otherwise provides. V.T.C.A., Family Code, § 15.07. This provision, unlike repealed Articles 2336–37, Tex.Rev.Civ.Stat., results in a complete severance of the parent-child relationship. 5 Tex.Tech.L.Rev. 447 (1974).

Flodene Blane Glover argues the court erred in dismissing her motion because she is a party under Section 14.08 [1], and also a "person with an interest in the child" under Section 11.03 [2] of the Texas Family Code. We disagree.

In the recent case of Rogers v. Searle, 533 S.W.2d 440 (Tex.Civ.App.—Corpus Christi 1976, no writ), a biological mother, whose parental rights had been terminated, filed a petition in intervention in an adoption suit involving the biological child of the intervenor. The petition in intervention was dismissed. The court said:

"The party who seeks to intervene in litigation that is pending in a trial court must show a legal or equitable interest such that he would be entitled to recover in his own name to the extent of relief sought; . . .

Tex.Fam.Code Ann. § 15.07 (1975), provides, in part:

'A decree terminating the parent-child relationship divests the parent and the child of all legal rights, privileges, duties, and powers, with respect to each other . . . .'

Applying the rule of the statute to this case, all legal rights, privileges, duties and powers of appellant concerning the child were divested out of her on December 9, 1974, when the judgment in Cause No. 33,878 was signed . . .

In the case at bar, appellant's petition must fail since she has not alleged a present justiciable interest, legal or equitable, in the subject matter of the litigation. The adoption proceeding should not be held in abeyance until the outcome of

---

1. "(a) Any party affected by an order of the court providing for managing conservatorship or support of a child, or setting the terms and conditions for possession of or access to a child, may file a motion requesting the court to modify its former order." The quoted provision was in effect at the time the modification motion was filed. Section 14.08 was amended effective September 1, 1975.

2. "A suit affecting the parent-child relationship may be brought by any person with an interest in the child, including the child (through a representative authorized by the court), any agency of the state or of a political subdivision of the state, and any authorized agency."

appellant's bill of review is finally determined.

Appellant, not having a present legal or equitable interest in the adoption proceedings, is not a proper party thereto. She has no interest to protect  .  .  ."

Section 11.01(3) of the Family Code defines a parent as "the mother, a man as to whom the child is legitimate, or an adoptive mother or father, but does not include a parent as to whom the parent-child relationship has been terminated."

Section 11.09(a)(7) of the Family Code expressly provides that a parent, whose parental rights have been terminated, is not entitled to service of citation on the filing of a petition in a suit affecting the parent-child relationship.

■    We hold that Flodene Blane Glover, whose parental rights have been terminated, has no justiciable interest in the subject matter in litigation.

The judgment of the trial court is affirmed.