Manuel C. MENDEZ, Sr., Petitioner,

v.

James E. BREWER et ux., Respondents.

No. C–656.

Supreme Court of Texas.

Jan. 6, 1982.

Brenda J. Garrett, Dallas, for petitioner.

Jeffie J. Massey and R. Lewis Nicholson, Dallas, for respondents.

BARROW, Justice.

The question presented by this appeal is whether the trial court abused its discretion by refusing to permit foster parents to become parties to a termination proceeding filed by the Department of Human Resources against the natural parents.

The Texas Department of Human Resources ("Department") brought suit against Manuel C. Mendez and wife Mary Helen Mendez to terminate the parent-child relationship with their fourteen month old son, Jesse. Petitioners, James E. and Susan B. Brewer, foster parents of the child under a contract with the Department, sought to intervene. After the Brewers' petition in intervention was stricken on motion by Mendez, the Brewers filed a new suit seeking termination of the parent-child relationship and adoption of Jesse. The trial court refused the Brewers' motion to consolidate this suit with the prior termination suit filed by the Department. The original cause was tried before the court and judgment rendered terminating the parent-child relationship of Mary Helen Mendez and appointing Manuel Mendez as managing conservator of Jesse.[1]

The Brewers appealed, complaining of the striking of their plea in intervention as well as the denial of their motion to consolidate. The court of civil appeals held that the trial court abused its discretion in striking the plea in intervention. It reversed the trial court judgment and remanded the cause for a new trial. 620 S.W.2d 709. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

The first question to be resolved in determining if the trial court abused its discretion is whether the Brewers had a right to intervene in the termination action filed by the Department. Rule 60, Texas Rules of Civil Procedure, provides in part that any party may intervene, subject to being stricken by the court for sufficient cause on the motion of the opposite party. It is settled law that a motion to strike an intervention is addressed to the sound discretion of the trial court. *Galveston Bay Conservation & Preservation Ass'n v. Texas Air Control Bd.*, 586 S.W.2d 634 (Tex.Civ.App.—Austin 1979, writ ref'd n. r. e.); *DeCato v. Krebs Constr., Inc.*, 410 S.W.2d 806 (Tex.Civ.App.—Waco 1966, writ ref'd n. r. e.); *Mulcahy v. Houston Steel Drum Co.*, 402 S.W.2d 817 (Tex.Civ.App.—Austin 1966, no writ); 1 R. McDonald, Texas Civil Practice § 3.47A (rev. 1981).

The intervenor bears the burden to show a justiciable interest, legal or equitable, in the lawsuit. The only relationship the Brewers had with Jesse was as agent for the Department under the written contract to provide foster home care for Jesse. The Brewers admitted that the contract expressly provided that the Department, as temporary managing conservator of the child, retained the absolute right to remove the child for any of several reasons: to place it with another family, to return the child to his home, or to have the child adopted by other persons. The Brewers, however, through their care and attention to Jesse's needs became emotionally involved with their charge and sought to adopt him.

The sole interest alleged by the Brewers in their petition in intervention was their wish to adopt the child if the parent-child relationship with the Mendezes was terminated. Thus, the Brewers' interest was wholly contingent upon a judgment of termination. The Brewers alleged no addi-

1. The basis for the termination proceeding was child abuse by the mother. It was stipulated that the father had no part in this abuse. He is rearing, with approval of the Department, the couple's infant second child.

tional grounds for termination and, in fact, adopted the Department's grounds for termination. We do not believe this was sufficient standing to entitle them to join in this suit, much less mandate that it be done as was held by the court of civil appeals.

Section 11.03 of the Texas Family Code provides in part that: "A suit affecting the parent-child relationship may be brought by any person with an interest in the child." There has been some confusion in the courts of civil appeals as to the proper construction of this statute.[2] This Court in *Durham v. Barrow*, 600 S.W.2d 756 (Tex.1980), held that a natural mother did not have standing to bring a bill of review in an adoption proceeding until a prior judgment terminating the parent-child relationship with her children was set aside. In doing so we cited with approval *Rogers v. Searle*, 533 S.W.2d 440 (Tex.Civ.App.—Corpus Christi) *rev'd on other grounds*, 544 S.W.2d 114 (Tex. 1976) wherein it was said: "To entitle a person to intervene in a pending suit, it is incumbent upon the petitioner to show an interest in the subject matter of the litigation '... greater than a mere contingent or remote interest ....'" The *Rogers* court held that the natural mother whose parental rights had been terminated did not have a present justiciable interest in an adoption proceeding and that the trial court had correctly granted the motion to strike her petition in intervention.

In the matter before us, the foster parents' only interest in the child was their desire to adopt him. This interest was necessarily contingent upon the parents' rights being terminated. *Schiesser v. State*, 544 S.W.2d 373 (Tex.1976); Tex.Fam.Code Ann. § 16.03. The Brewers therefore lacked standing to intervene in the Department's suit for termination and the trial court properly dismissed the plea in intervention.

■ After their petition in intervention was stricken, the Brewers filed their own

petition for termination of the parental rights of the natural parents and for adoption. Assuming, without deciding, that the foster parents had standing to file such an action, the trial court did not abuse its discretion in refusing to consolidate their suit with the termination proceeding filed by the Department. It was apparent that the only purpose for filing this suit was to circumvent the trial court's prior ruling. The Brewers simply reurged the Department's grounds for termination, adding nothing to the pending termination suit other than their own love and concern for the child. Mrs. Brewer was permitted to testify to their love and desire to care for the child. The real parties at interest in the termination proceeding were the natural parents, the Department and the child. The foster parents at most were witnesses, not parties. The trial court properly kept the trial in this perspective by refusing to consolidate the Brewers' separate suit for termination with the pending action which was then ready for trial. The trial court did not abuse its discretion by such action.

The judgment of the court of civil appeals is reversed and the trial court's judgment is affirmed.

---

**2.** *Compare Glover v. Moore*, 536 S.W.2d 78 (Tex.Civ.App.—Eastland 1976, no writ) *and Rogers v. Searle*, 533 S.W.2d 440 (Tex.Civ.App. —Corpus Christi), *rev'd on other grounds*, 544 S.W.2d 114 (Tex.1976) *with Harris County Child Welfare Unit v. Caloudas*, 590

S.W.2d 596 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ) *and In the Interest of Unnamed Child*, 584 S.W.2d 476 (Tex.Civ.App.—Fort Worth 1979, writ ref'd, n. r. e.) *and Watts v. Watts*, 573 S.W.2d 864 (Tex.Civ.App.—Fort Worth 1978, no writ).