NO. 07-04-0429-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 25, 2005
_____

IN THE INTEREST OF S.M.C. AND D.D.C., CHILDREN
_____

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NO. 11,431; HON. PHIL N. VANDERPOOL, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, REAVIS, and CAMPBELL, JJ.

Jennifer Carpenter appeals from an order terminating her parental relationship with S.M.C. and D.D.C. Her three issues involve the trial court's 1) refusal to dismiss the suit, 2) finding that Floyd Willie Scales was the father of S.M.C., and 3) the appointment of Scales and his wife, Melissa, as joint managing conservators. We affirm the judgment of the trial court.

Regarding her first issue, Carpenter asserts that the trial court should have dismissed the suit because the amended petition of the Texas Department of Protective and Regulatory Services (DPRS) failed to comply with statute. The statute in question is §262.101 of the Texas Family Code, and provides that an "original suit filed by a governmental entity that requests permission to take possession of a child *without prior*

*notice and a hearing* must be supported by an affidavit . . . ." TEX. FAM. CODE ANN. §262.101 (Vernon 2002) (emphasis added). Moreover, the DPRS allegedly failed to comply with the directive because it did not attach an affidavit to its amended petition, though one such affidavit was indeed attached to its original petition.

The record discloses that before the amended pleading was filed, the trial court not only had issued an order allowing the DPRS to take possession of the children without notice and hearing but also had conducted an adversarial, evidentiary hearing to assess whether the Department should retain temporary possession of them pending final adjudication of the suit. And, after hearing evidence and reviewing the affidavit attached to the original petition, the trial court found that returning the children would be contrary to their welfare and, therefore, continued their possession with the DPRS.

Given the foregoing circumstances, it is obvious that when the amended petition was filed, the DPRS was not requesting permission to obtain possession of the children "without prior notice and hearing." Again, it already had secured their possession by court order issued after notice and hearing. Consequently, §262.101 of the Family Code did not apply when Carpenter orally moved to dismiss the suit.

As to the second and third issues raised by Carpenter, we find them moot due to her loss of standing. Carpenter did not appeal the trial court's findings terminating her parental relationship with S.M.C. and D.D.C. Thus, they are binding upon her. Moreover, upon the termination of that relationship, she lost all legal right with respect to the children. TEX. FAM. CODE ANN. §161.206(b) (Vernon Supp. 2004-05). And, having no legal right with respect to the children, she has no standing to attack those portions of the final order finding Scales to be the father of S.M.C. and appointing him and his wife as managing

2

conservators. *See In re Lambert*, 993 S.W.2d 123, 132 (Tex. App.–San Antonio 1999, orig. proceeding) (stating that former parents lack standing to invoke the trial court's jurisdiction over managing conservatorship issues); *Glover v. Moore*, 536 S.W.2d 78, 79-80 (Tex. Civ. App.–Eastland 1976, no writ) (holding that an order of termination completely severs the parent/child relationship and divests the former parent of any justiciable interest in the conservatorship of the child). And, because she has no standing to attack them, issues two and three are moot.

Accordingly, the trial court's judgment is affirmed.


Brian Quinn
Justice