COURT
OF APPEALS

SECOND DISTRICT
OF TEXAS

FORT WORTH

 

 

NO. 2-06-347-CV

 

 

 

IN THE INTEREST OF N.L.G., A CHILD                                                    

 

------------

 

FROM
THE 362ND DISTRICT COURT OF DENTON COUNTY

 

------------

 

OPINION

 

------------

I.  Introduction

The Texas Department of
Family and Protective Services (ATDFPS@) brought
suit to terminate the parental rights of Sarah W. to her five-day-old daughter,
N.L.G.  Following a jury trial, the trial
court signed a judgment terminating Sarah=s parental rights.[1]  In her sole point, Sarah
argues that the trial court abused its discretion by allowing N.L.G.=s foster parents to intervene in the suit.  We will affirm.

 








II.  Factual and Procedural Background

In April 2005, Sarah gave
birth to N.L.G.  After both mother and
child tested positive for methamphetamine, the hospital contacted TDFPS.   A TDFPS caseworker investigated Sarah=s drug use, evaluated her interaction with N.L.G., and ultimately took
the child into State custody when the child was two days old.  TDFPS placed the child with foster parents
Randall and Brenda N. five days later and instituted termination proceedings against
Sarah.  

The trial court initially set
the termination trial for March 2006, but upon a request from Sarah for a
continuance, reset it for August 14, 2006. 
On July 14, the foster parents filed a petition to intervene in the
termination trial.  Sarah moved to strike
the petition to intervene on the ground that it was filed less than thirty days
before trial, and she was therefore unable to conduct proper discovery on the
intervenors=
claims.  After a hearing on the motion,
the trial court allowed the foster parents to intervene, reset the trial for
September 25, 2006, and ordered the intervenors to submit to Sarah=s discovery requests.  

At trial, the jury found that termination of Sarah=s parental rights was in the best interest of N.L.G., and the trial
court entered a termination order pursuant to this determination.  Sarah now appeals.

 

 








III.  Standing of the Foster Parents

In her sole point, Sarah
complains that the trial court erred by failing to strike the foster parents= plea in intervention because they lacked standing.[2]  The standard of review for determining
whether the trial court improperly denied a motion to strike intervention is
abuse of discretion.  Guar. Fed. Sav.
Bank v. Horseshoe Operating Co., 793 S.W.2d 652, 657 (Tex. 1990); Law
Offices of Windle Turley v. Ghiasinejad, 109 S.W.3d 68, 70 (Tex. App.CFort Worth 2003, no pet.).  To
determine whether a trial court abused its discretion, we must decide whether
the trial court acted without reference to any guiding rules or principles; in
other words, we must decide whether the act was arbitrary or unreasonable.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159 (1986). 








In 1995, the Texas
Legislature passed new laws specifically implicating the ability of foster
parents to be heard in trial court regarding their foster children.  See Act of Apr. 6, 1995, 74th Leg.,
R.S., ch. 20, ' 1, 1995
Tex. Gen. Laws 113, 125 (amended 1997) (current version at Tex. Fam. Code Ann.  ' 102.003-.004 (Vernon Supp. 2006)).  Foster parents now have two avenues to the
courthouse.  First, foster parents can
bring an original suit affecting the parent child relationship (SAPCR) if the
child has lived with the foster parents Afor at least [twelve] months ending not more than [ninety] days
preceding the date of the filing of the petition.@  Tex. Fam. Code Ann. ' 102.003(a)(12) (Vernon Supp. 2006). 


Second, foster parents who
have not had possession of the child for at least twelve months ninety days
before they file suit may nevertheless intervene in a SAPCR brought by someone
with standing if the foster parents can demonstrate that they have had
substantial past contact with the child. 
Id. at ' 102.004(b).








The substantial past contact test
established by section 102.004(b) for foster parent intervenors was a dramatic
change from the traditional intervenor standing requirement.  For several years, the Texas Supreme Court
case of Mendez v. Brewer dominated the jurisprudence of when foster
parents could intervene in termination proceedings.  626 S.W.2d 498, 499 (Tex. 1982).  In Mendez, foster parents planning on
adopting the child if parental rights were terminated sought to intervene in a
termination suit.  Id. at
500.  The court looked to section 11.03
of the Texas Family Code, which, at that time, read: AA suit affecting the parent-child relationship may be brought by any
person with an interest in the child.@  Id. at 500 (citing
former Texas Family Code 11.03).  Based
on this statute, the court in Mendez established a Ajusticiable interest@ standard for intervenors.  Id.  Applying this standard to the foster
parents, the Mendez court held that their interest was wholly contingent
on the outcome of the termination suitCan interest that was too weak to be justiciable.  Id. 


Since Mendez, however,
the Texas Legislature has passed section 102.004, which, as discussed above,
creates the new, more relaxed substantial past contact test for establishing
intervenor standing in a SAPCR.  See
Tex. Fam. Code Ann. ' 102.004; Rodarte v. Cox, 828 S.W.2d 65, 70 (Tex. App.CTyler 1991, writ denied).  Thus,
a party who cannot file a SAPCR under the Mendez Ajusticiable interest@ standard may nonetheless intervene in a suit filed by a
qualified party under the statutory Asubstantial past contact@ standard.  In re A.M.,
60 S.W.3d 166, 169 (Tex. App.CHouston [1st Dist.] 2001, no pet.).








        Sound policy supports the relaxed
standing requirements.  In re K.T.,
21 S.W.3d 925, 927 (Tex. App.CBeaumont 2000, no pet.).  There
is a significant difference between filing a suit which could disrupt the
children=s relationship with their parents, and intervening in a pending suit,
where the relationship is already disrupted. 
Whitworth v. Whitworth, 222 S.W.3d 616, 621-22 (Tex. App.CHouston [1st Dist.] 2007, no pet.). 
In the latter case, intervention may enhance the trial court=s ability to adjudicate the cause in the best interest of the
child.  Id.

Other courts have evaluated
cases in which foster parents sought to intervene in termination
proceedings.  See In re H.B.N.S.,
Nos. 04-05-00410-CV, 14-06-00102-CV, 2007 WL 2034913, at *3-4 (Tex. App.CHouston [14th Dist.] July 17, 2007, no pet.); Chavez v. Chavez,
148 S.W.3d 449, 455-56 (Tex. App.CEl Paso 2004, no pet.); In re A.M., 60 S.W.3d at 166.  In one case, a seventeen-month-old child had
lived with the foster parents for fourteen months of her life.  In re A.M., 60 S.W.3d at 169.  The foster parents had decided to adopt the
child if the mother=s parental
rights were terminated.  Id.  The appellate court held that, under section
102.004, the trial court did not abuse its discretion in allowing the foster
parents to intervene in the termination suit because the foster parents had had
substantial past contact with the child. 
Id.

The foster parents in this
case had two avenues to be heard by the courtCeither as petitioners or intervenors. 
N.L.G. came to the foster parents in April 2005 and continuously
remained with them through the termination hearing in September 2006.  Therefore, under section 102.003(a)(12), the
foster parents could have brought an original suit affecting the parent-child
relationship concerning N.L.G.  See Tex. Fam. Code Ann. ' 102.003(a)(12).








The foster parents in this
case, however, chose the second method available to them as intervenors in the
suit brought by the State.  As
intervenors, the foster parents had to provide the trial court with grounds for
a finding of substantial past contact with N.L.G.  At the time of the hearing on Sarah=s motion to strike, the child had lived with the foster parents for
her entire life, excluding the first seven days following her birth.  Furthermore, the foster parents had become
emotionally attached to the child and had decided to adopt her if Sarah=s parental rights were terminated. 
The intervenors made the trial court aware of these facts through their
motion to intervene and the hearing on that motion.[3]  Under these circumstances, we cannot say that
the trial court abused its discretion by deciding that the foster parents had
had substantial past contact with the child.








On appeal, Sarah heavily
relies on the Mendez case for its precedential value.  As demonstrated, however, such reliance is
misplaced because the Texas Legislature has repealed and replaced the statute
relied on in Mendez with a statute specifically addressing the standing
requirements for intervenors in a suit affecting the parent-child
relationship.  See Tex. Fam. Code Ann. ' 102.004(b); Rodarte, 828 S.W.2d at 70.  Applying these new statutory guidelines,
which relax the standing requirements for intervenors, the trial court in this
case did not act unreasonably, and thus did not abuse its discretion, when it
allowed the foster parents to intervene. 
Therefore, we overrule Sarah=s point.

IV.  Conclusion

Having overruled Sarah=s sole point, we affirm the trial court=s judgment.

 

 

PER CURIAM

 

 

PANEL
F: WALKER, J.; CAYCE, C.J.; and LIVINGSTON, J. 


 

DELIVERED:
October 11, 2007

 

 

 











[1]The
trial court=s
judgment also terminated N.L.G.=s father=s
parental rights, but  N.L.G.=s
father does not appeal that decision.





[2]The
State argues that Sarah failed to preserve error because her argument at trial
does not comport with her argument on appeal. 
Although Sarah never specifically challenged the foster parents=
standing at trial, the general rule is that standing cannot be waived.  Nootsie, Ltd. v. Williamson County
Appraisal Dist., 925 S.W.2d 659, 662 (Tex. 1996).  Consequently we reach the merits of Sarah=s
complaint.





[3]In
their motion to intervene, the foster parents cite Family Code section
102.003(a)(12), which, as discussed above, provides standing to a foster parent
who possesses the child for twelve months ending not more than ninety days
before the foster parents file a petition. 
Tex. Fam. Code Ann. '
102.003(a)(12).  Furthermore, at the
hearing on Sarah=s
motion to strike, the foster parents= attorney informed the trial
court that the foster parents were seeking to adopt the child.