**AFFIRMED and Opinion Filed December 12, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-18-00725-CV
_____

## IN THE INTEREST OF A.G. AND A.G., CHILDREN

**On Appeal from the County Court At Law No. 1**
**Kaufman County, Texas**
**Trial Court Cause No. 97715CC**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Boatright
Opinion by Justice Bridges

V.R.D. appeals the trial court's denial of her petition in intervention in the underlying proceeding that resulted in the termination of the parental rights of Mother and Father to their children, A.G. and A.G. In two issues, V.R.D. argues the trial court erred in striking her petition in intervention and appointing the Texas Department of Family and Protective Services permanent managing conservator of the children. We affirm the trial court's judgment.

On June 2, 2017, the Department filed its original petition seeking, among other things, termination of Mother's and Father's parental rights and appointment of the Department as permanent managing conservator of the children if the children could not be reunified with either parent or placed with a relative or other suitable person.

On February 15, 2018, the trial court set this case for trial on May 24, 2018. On May 16, 2018, V.R.D. filed her petition in intervention seeking to have herself appointed sole managing conservator of the children. On May 18, 2018, the Department filed its motion to strike V.R.D.'s

petition in intervention on the ground that the petition "asserts standing by merely referencing Texas Family Code Section 102.004" and therefore "wholly fails to meet the pleading requirements set forth by said section." As a result, the Department argued, there was sufficient cause to strike V.R.D.'s petition "for lack of standing and justiciable interest under the statutory provisions outlined by the Texas Family Code."

At trial on May 24, 2018, Department caseworker Rhonda Davis reported that mediation in the case was unsuccessful, Father was incarcerated, and Mother had "not completed services or submitted to drug testing." The children were in a foster home where, "if the children were free for adoption, they would wish to adopt these children." V.R.D., twenty-four years old at the time of trial, testified the children were placed with her for two weeks at the beginning of the case, but she was told the children could no longer stay with her because she "had prior CPS history." V.R.D.'s prior history involved an "altercation" between her husband and his brother. As a result, V.R.D. had to attend counseling. When asked why she "wait[ed] so late to hire a lawyer," V.R.D. responded that she thought "there was just no hope" because she had been told she could not have custody of the children because of her "CPS case." On cross-examination, V.R.D. testified her husband had been "hospitalized for mental health," he had "struggled with anger," and he "got into an altercation with his aunt." V.R.D.'s husband was prescribed medications, but he no longer took medication because he had "gotten better." V.R.D. testified she had been diagnosed with depression but did not take medication because "[t]hat was a long time ago." V.R.D. testified she had a four-year-old son, a six-year-old son, and a two-year-old daughter. Both Mother and Father testified that they approved of V.R.D. filing a petition for intervention asking the trial court to give her managing conservatorship of the children. At the conclusion of the hearing, the trial court entered oral findings that the petition for intervention was untimely, and the statutory requirements had not been met. Therefore, the trial court denied leave to intervene and granted the Department's

motion to strike the plea for intervention. That same day, the trial court signed an order granting the Department's motion to strike, dismissing V.R.D. and her pleadings, and denying any and all relief V.R.D. requested.

V.R.D. filed a motion to reconsider her petition for intervention. V.R.D. argued the trial court abused its discretion in striking her plea in intervention because she met the factors set forth in *Guaranty Federal Savings Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990), a case analyzing a party's right to intervene under Rule 60 of the Texas Rules of Civil Procedure then in effect. The motion also cited *In re S.B.*, No. 02–11–00081–CV, 2011 WL 856963 (Tex. App.—Fort Worth, March 11, 2011, orig. proceeding) for the proposition that consent of both parents gave an intervenor standing under Texas Family Code section 102.004(a)(2). On June 5, 2018, the trial court signed an order denying V.R.D.'s motion to reconsider. This appeal followed.

In her first issue, V.R.D. argues the trial court erred in striking her petition for intervention. Specifically, V.R.D. argues she had standing to intervene under Texas Family Code section 102.004(a)(2) because Mother and Father consented to the intervention. In addition, V.R.D. argues her petition was timely, and the trial court abused its discretion in striking her plea in intervention because she met the factors set forth in *Guaranty Federal*. In making these arguments, V.R.D. does not address the issue of whether she had standing under section 102.004(b) of the family code.

In pertinent part, section 102.004 provides as follows:

§ 102.004. Standing for Grandparent or Other Person

(a) In addition to the general standing to file suit provided by Section 102.003, a grandparent, or another relative of the child related within the third degree by consanguinity, may file an original suit requesting managing conservatorship if there is satisfactory proof to the court that:

(1) the order requested is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development; or

(2) both parents, the surviving parent, or the managing conservator or custodian either filed the petition or consented to the suit.

(b) An original suit requesting possessory conservatorship may not be filed by a grandparent or other person. However, the court may grant a grandparent or other person deemed by the court to have had substantial past contact with the child leave to intervene in a pending suit filed by a person authorized to do so under this subchapter if there is satisfactory proof to the court that appointment of a parent as a sole managing conservator or both parents as joint managing conservators would significantly impair the child's physical health or emotional development.

TEX. FAM. CODE ANN. § 102.004(a), (b). Thus, under family code section 102.004(b), the trial court may grant leave to intervene to grandparents and those "deemed by the court to have had substantial past contact with the child." *See Id.*

We review a trial court's ruling on a motion to strike a petition in intervention for abuse of discretion. *See Mendez v. Brewer*, 626 S.W.2d 498, 499 (Tex. 1982); *In re J.P.*, 196 S.W.3d 434, 440 (Tex. App.—Dallas 2006, no pet.). A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner, "without reference to any guiding rules or principles." *Beaumont Bank, NA v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991) (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)). We will not reverse a trial court for abuse of discretion because we disagree with its decision if that decision was within the court's discretionary authority. *Id.* A trial court has no discretion in determining what the law is or in applying the law to the facts. *Baylor Coll. of Med. v. Camberg*, 247 S.W.3d 342, 345 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).

Generally, intervention in a lawsuit is allowed as a matter of right; permission by the trial court is not required. See TEX. R. CIV. P. 60; *Smith v. City of Garland*, 523 S.W.3d 234, 241 (Tex. App.—Dallas 2017, no pet.); *Prototype Mach. Co. v. Boulware*, 292 S.W.3d 169, 172 (Tex. App.—San Antonio 2009, no pet.). However, in suits affecting the parent-child relationship, where the child's best interest is "always" the court's primary consideration, the circumstances under which a person may intervene is left to the trial court's discretion. *See* TEX. FAM. CODE

ANN. §§ 102.004(b), 153.002 (West 2014); *In re M.T.*, 21 S.W.3d 925, 927 (Tex. App.—Beaumont 2000, no pet.).

A person seeking conservatorship of a child must have standing to bring suit. *In re I.I.G.T.*, 412 S.W.3d 803, 805 (Tex. App.—Dallas 2013, no pet.); *In re M.K.S.–V.*, 301 S.W.3d 460, 463 (Tex. App.—Dallas 2009, pet. denied). Standing is a component of subject-matter jurisdiction and is a constitutional prerequisite to maintaining a lawsuit. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993); *M.K.S.–V.*, 301 S.W.3d at 463. We review standing under the same standard we use for subject-matter jurisdiction generally: whether the pleader alleged facts that affirmatively demonstrated the court's jurisdiction to hear the cause. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446; *M.K.S.–V.*, 301 S.W.3d at 463.

Standing in a suit affecting the child-parent relationship (SAPCR) is governed by the family code, and a party bringing a SAPCR must plead and establish standing under the family code's provisions. *I.I.G.T.*, 412 S.W.3d at 806. If the party fails to do so, the trial court must dismiss the suit. *Id.* A party's standing to pursue a cause of action is a question of law. *Id.* Section 102.004(b) governs the question whether a party attempting to intervene in a pending SAPCR has established standing to do so. *In re E.C.*, No. 05-17-00723-CV, 2017 WL 6505867, at *4 (Tex. App.—Dallas Dec. 20, 2017, no pet.); *see In re Derzapf*, 219 S.W.3d 327, 332 (Tex. 2007) (family code's specific standing requirements control over general standing provision). Section 102.004(b) applies to a person who seeks to intervene in a pending suit even if the person may have had standing to bring an original suit. *In re E.C.*, 2017 WL 6505867, at *4.

Here, we assume without deciding that V.R.D.'s petition was timely. V.R.D. argues she had standing to intervene under Texas Family Code section 102.004(a)(2) because Mother and Father consented to the intervention. Section 102.004(a)(2) pertains to original suits brought by grandparents or other persons and permits such original suits if, among other things, the person

bringing suit proves both parents consented to the suit. *See* TEX. FAM. CODE ANN. § 102.004(a). However, section 102.004(b) governs the question whether V.R.D., as a party attempting to intervene in a pending SAPCR, established standing to do so. *In re E.C.*, 2017 WL 6505867, at *4. Section 102.004(b) applies to V.R.D.'s attempt to intervene in the underlying suit even if she may have had standing to bring an original suit. *Id.* Thus, Mother and Father's consent were not relevant to the issue of whether V.R.D. had standing under section 102.004(b). *See* TEX. FAM. CODE ANN. § 102.004(b); *In re E.C.*, 2017 WL 6505867, at *4. Similarly, *Guaranty Federal* was not a SAPCR, and the factors set forth therein do not apply to a case under section 102.004(b). *See Guaranty Federal*, 793 S.W.2d at 657; *I.I.G.T.*, 412 S.W.3d at 806. Under these circumstances, we conclude the trial court did not abuse its discretion in striking V.R.D.'s petition in intervention. *See Mendez*, 626 S.W.2d at 499. We overrule V.R.D.'s first issue.

In her second issue, V.R.D. argues the trial court erred in appointing the Department permanent managing conservator of the children. However, because V.R.D. was dismissed as a party for lack of standing, and we have determined the trial court did not err in doing so, we will not consider V.R.D.'s argument concerning the appointment of the Department as managing conservator. *See In re J.S.*, No. 2-04-277-CV, 2005 WL 1693537, at *3 (Tex. App.—Fort Worth July 21, 2005, no pet.) (refusing to consider grandmother's challenge to Department's appointment as managing conservator where grandmother dismissed as party for lack of standing).

We affirm the trial court's judgment.


/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

180725F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF A.G. AND A.G., CHILDREN

No. 05-18-00725-CV

On Appeal from the County Court At Law No. 1, Kaufman County, Texas
Trial Court Cause No. 97715CC.
Opinion delivered by Justice Bridges.
Justices Brown and Boatright participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered December 12, 2018.