**Affirmed in Part and Dismissed in Part and Memorandum Opinion on Remand filed February 8, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00399-CV

---

### KENNETH D. EICHNER, P.C., Appellant

### V.

### BEN DOMINGUEZ II, AND PARC CONDOMINIUM ASSOCIATION, Appellees

---

**On Appeal from the 125th District Court
Harris County, Texas
Trial Court Cause No. 2013-21379**

---

## MEMORANDUM OPINION ON REMAND

Appellant Kenneth D. Eichner, P.C. appeals the trial court's order striking its intervention in a wrongful foreclosure suit filed by appellee Ben Dominguez against appellee Parc Condominium Association (the Association). In six issues Eichner challenges the trial court's order striking its intervention and the trial court's judgment in the underlying dispute between Dominguez and the Association. Concluding the trial court did not abuse its discretion in striking Eichner's

intervention and Eichner does not have standing to complain of a judgment by which he is not bound, we affirm in part and dismiss in part.

## BACKGROUND

In a previous lawsuit, the Association foreclosed on a lien against Dominguez's condominium due to his non-payment of fees. Dominguez then filed the present suit against the Association for wrongful foreclosure. Dominguez's accounting firm, Kenneth D. Eichner, P.C., (Eichner) intervened in the suit, asserting lien rights of its own allegedly acquired under a promissory note for services rendered to Dominguez and secured by Dominguez's condominium. Eichner's petition in intervention asserted a contract claim against Dominguez for his default on the note and asserted rights against all parties under Eichner's purportedly superior lien. Eichner sought relief of "the principal amount due and owing" on the promissory note. The Association argued that its lien, not Eichner's lien, was superior and that the previous foreclosure had extinguished Eichner's lien.

The trial court rendered summary judgment against Eichner, finding the Association's lien superior, and holding that Eichner's lien was extinguished by the Association's foreclosure and, due to Eichner's failure to object or redeem its lien, Eichner's lien was no longer attached to the property. This court reversed, holding the trial court's summary judgment was erroneous because the Association's claim of lien superiority was not conclusively established. *Kenneth D. Eichner, P.C. v. Dominguez*, No. 14-16-00192-CV, 2017 WL 2561334, at *9 (Tex. App.—Houston [14th Dist.] June 13, 2017, no pet.) (mem. op.) ("*Eichner I*"). We remanded the case to the trial court for further proceedings. We further held that the other grounds presented in the motion for summary judgment—"i.e., that the foreclosure extinguished Eichner's lien and that Eichner failed to redeem its extinguished lien— were predicated on the erroneous premise that the Association's lien was superior."

2

*Id.* at \*9 (footnote omitted).

On remand to the trial court, the Association and Dominguez filed a motion to enter judgment in which they alleged their settlement agreement was not affected by this court's opinion in *Eichner I*, and requested the trial court to enter judgment based on the parties' Rule 11 agreement. Dominguez filed a counterclaim alleging breach of contract by Eichner. The Association moved to strike Eichner's intervention contending the firm did not have a justiciable interest in Dominguez's wrongful foreclosure claim against the Association. The Association also asserted that Dominguez's counterclaim should be struck because Dominguez was not entitled to file a counterclaim against an intervenor.

The trial court granted the Association's motion striking Eichner's intervention and Dominguez's counterclaim. The trial court further signed a final judgment pursuant to a Rule 11 agreement in the wrongful foreclosure action. On original submission, we dismissed Eichner's appeal. *See Kenneth D. Eichner, P.C. v. Dominguez*, No. 14-18-00399-CV, 2020 WL 1026430, at \*4 (Tex. App.—Houston [14th Dist.] Mar. 3, 2020), *rev'd*, 623 S.W.3d 358, 363 (Tex. 2021) ("*Eichner II*"). The Supreme Court of Texas reversed and remanded for consideration of the merits of the appeal. *Kenneth D. Eichner, P.C. v. Dominguez*, 623 S.W.3d 358, 363 (Tex. 2021) ("*Eichner III*").

In this court, appellees are: Dominguez, who owns a condominium located within the Parc IV and V Condominiums in Houston, Texas and the Association.[1] In

---

[1] Association Management Corporation was a party to the trial court's judgment, but Eichner has not requested any relief against it. We therefore dismiss Association Management Corporation as an appellee in this appeal. *See Showbiz Multimedia, LLC v. Mountain States Mortg. Ctrs., Inc.*, 303 S.W.3d 769, 771 n.3 (Tex. App.—Houston [1st Dist.] 2009, no pet.) ("An appellee . . . must be someone against whom the appellant raises issues or points of error in the appellant's brief").

3

the trial court, Dominguez alleged that the Parc Condominiums were "allowed to deteriorate" to a physical condition necessitating "excessive" repairs, the cost of which the Association passed on to the condominium owners by way of increased monthly assessments. The Association allegedly also requested tens of thousands of dollars in "unanticipated special assessments." Dominguez apparently did not pay some, or all, of the assessments imposed, and the Association foreclosed on his condominium.

The Association, however, was not the only entity purporting to possess a lien against Dominguez's condominium. Eichner performed accounting services for Dominguez during or before 2007. In return, Dominguez agreed to pay Eichner roughly $12,000 pursuant to a promissory note, and pledged his condominium as collateral for the debt. Dominguez and Eichner executed a Security Agreement and Combined Note (Security Agreement) to this effect in 2007.

On February 16, 2018, the trial court signed a final judgment based on the parties' Rule 11 agreement. In substantive part, the judgment ordered: (1) the Association to transfer the condominium title to Dominguez; (2) the Association to remove any defects or encumbrances created after June 4, 2013 from the property; and (3) Dominguez to pay the Association roughly $42,000 in satisfaction of the Rule 11 agreement and assessment arrearages. On the same day, before rendering final judgment, the trial court granted the Association's motion to strike Eichner's intervention. On March 16, 2018, Eichner filed a timely motion for new trial challenging both the order striking its intervention and the final judgment, which the trial court denied.

Eichner appeals the trial court's order striking the intervention and the trial court's judgment based on appellees' Rule 11 agreement. In six issues Eichner argues the trial court erred in striking the intervention and in rendering judgment

4

based on the Rule 11 agreement between Dominguez and the Association.

**ANALYSIS**

In Eichner's first three issues it asserts the trial court erred in granting the motion to strike its intervention.[2] We address these issues together as Eichner's brief asserts them together.

## I.      Standard of Review and Applicable Law

Texas Rule of Civil Procedure 60 provides that "[a]ny party may intervene by filing a pleading subject to being stricken out by the court for sufficient cause on the motion of any party." The rule authorizes a party with a justiciable interest in a pending suit to intervene in the suit as a matter of right. *In re Union Carbide Corp.*, 273 S.W.3d 152, 154 (Tex. 2008). An intervention may be challenged by a motion to strike. *See Abdullatif v. Erpile, LLC*, 460 S.W.3d 685, 694 n.9 (Tex. App.— Houston [14th Dist.] 2015, no pet.) ("Absent a motion to strike, one who files a petition in intervention generally becomes a party to the suit for all purposes.").

The party opposing intervention bears the initial burden of challenging the intervention by filing a motion to strike. *Guar. Fed. Savs. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990). Once a motion to strike has been filed, the burden shifts to the intervenor to show a justiciable interest in the lawsuit. *Mendez v. Brewer*, 626 S.W.2d 498, 499 (Tex. 1982).

The standard of review for determining whether a trial court properly struck a

---

[2] Eichner's first three issues read:

1.  Did the trial court err in granting Appellee's Motion to Strike?

2.  Did the trial court err in signing an Order granting Appellee's Motion to Strike Appellant's Plea to the Intervention when Appellant has a justiciable interest?

3. Did the trial court err in signing an Order granting Appellee's Motion to Strike when a fact question remains as to who holds a superior interest in the Subject Property?

5

petition in intervention is abuse of discretion. *Id.* It is an abuse of the trial court's discretion to strike a petition in intervention if the intervenor: (1) could have brought the same action, or any part of it, in its own name; (2) the intervention would not complicate the case by excessively multiplying the issues; and (3) the intervention is almost essential to effectively protect the intervenor's interest. *Guar. Fed. Savs. Bank*, 793 S.W.2d at 657.

To overcome a motion to strike, the intervenor must demonstrate a justiciable interest, i.e., that the intervenor could have brought the suit in its own name seeking the same relief. *Union Carbide*, 273 S.W.3d at 154. "[T]he 'justiciable interest' requirement is of paramount importance: it defines the category of non-parties who may, without consultation with or permission from the original parties or the court, interject their interests into a pending suit to which the intervenors have not been invited." *Id.* at 155. The interest asserted by the intervenor may be legal or equitable, but generally must be more than a mere contingent or remote interest. *Mendez*, 626 S.W.2d at 500. "[I]n order to be a justiciable interest, there must be an actual controversy between parties who have conflicting personal stakes." *Tex. Dep't of Pub. Safety v. Kelton*, 876 S.W.2d 450, 452 (Tex. App.—El Paso 1994, no writ). A justiciable interest exists if the intervenor could have brought the pending action, or any part thereof, in its own name. *See Union Carbide*, 273 S.W.3d at 155. "The ultimate determination of whether an intervention should be struck, even where a justiciable interest is shown, has long been held to be vested in the sound discretion of the trial court." *Williamson v. Howard*, 554 S.W.3d 59, 66 (Tex. App.—El Paso 2018, no pet.).

II. **The trial court did not abuse its discretion in granting the motion to strike.**

The Association moved to strike Eichner's intervention on the ground that

6

Eichner failed to show it had a justiciable interest in the suit. The Association asserted that Eichner failed to provide any basis for finding that it could have brought suit for any part of Dominguez's claim for damages. The Association noted that the only basis Eichner set forth for its attempted intervention was that the Association failed to provide notice of its intent to foreclose on the property. The Association further asserted that Eichner was not a party to the contract between Dominguez and the Association and could not assert a wrongful foreclosure claim on Dominguez's behalf.

Eichner responded that its justiciable interest arose out of the Security Agreement in which Eichner was designated "attorney-in-fact" for Dominguez and Eichner obtained a lien against the property for unpaid fees. Eichner alleged it could maintain a wrongful foreclosure action on Dominguez's behalf or in its own right as a superior lienholder.

### A. Eichner did not establish a justiciable interest because it did not assert an interest on Dominguez's behalf as his "attorney-in-fact."

In Eichner's second-amended petition in intervention, its live pleading, Eichner requested judgment (1) "for the principal amount due and owing" with regard to accounting services provided to Dominguez; (2) declaratory judgment that Eichner had a lien on the property; and (3) an "Order of Sale" against the Association. Eichner did not plead a wrongful foreclosure action on Dominguez's behalf. Dominguez initially sued the Association for wrongful foreclosure. Eichner cannot step into Dominguez's shoes as his attorney-in-fact because Eichner's plea in intervention did not seek to assert wrongful foreclosure on behalf of Dominguez, but sought damages for Dominguez's breach of contract and foreclosure on the property on Eichner's lien, not the Association's lien.

This court has found the elements of a wrongful foreclosure claim are (1) a

7

defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Collins v. Bayview Loan Servicing, LLC*, 416 S.W.3d 682, 687 n.7 (Tex. App.—Houston [14th Dist.] 2013, no pet.). While the necessity of a "grossly inadequate selling price" has been questioned, courts agree that an irregularity in the foreclosure must be pleaded, and damages must be either the difference between the value of the property and the indebtedness or the setting aside of the foreclosure sale. *See Charter Nat'l Bank—Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied) ("Texas law conforms with the general rule found in other jurisdictions that mere irregularities in the conduct of the foreclosure sale will not vitiate the sale unless the irregularities result in injury to the mortgagor.").

Eichner alleged the Association conducted the foreclosure sale without notice to Eichner as the superior lienholder. While Eichner was not entitled to notice as the superior lienholder,[3] even if it were entitled to notice, that is only one element of a wrongful foreclosure claim. Eichner did not allege an inadequate selling price or a causal connection between the defect and the inadequate selling price. As damages Eichner sought foreclosure on the property and assertion of its superior lien. The irregularity Eichner alleged in its petition in intervention was not asserted as Dominguez's attorney-in-fact but was unique to Eichner's interest. Eichner's attempted intervention was one for breach of contract against Dominguez, not wrongful foreclosure. Eichner, therefore, has failed to establish a justiciable interest in the underlying suit between Dominguez and the Association.

Eichner's interest in enforcing its superior lien was not such that if the original action had never been commenced, and the intervenor had first brought it as the sole

---

[3] *See* Tex. Prop. Code § 51.002(b) (lienholder must send written notice only to the property owner).

8

plaintiff, the intervenor would have been entitled to recover in its own name to the extent at least of a part of the relief sought in the original suit. *See Nghiem v. Sajib*, 567 S.W.3d 718, 721 (Tex. 2019) (stating test for justiciable interest).

**B.    Eichner did not establish that the intervention is almost essential to effectively promote its interest.**

In its petition in intervention Eichner alleged the 2012 foreclosure was defective because the Association failed to give Eichner, as the superior lienholder, notice of the foreclosure. Eichner contended that it was harmed by this lack of notice because it was deprived of the right to redeem the property and assert its superior lien. Eichner makes two arguments for the purported right to notice of the foreclosure—a statutory argument and a constitutional argument.

**1.    The Statutory Assertion**

First Eichner cites section 82.113 of the Property Code, which addresses homeowners' association's liens for nonpayment of fees. Section 82.113(h) provides:

> (h) If a unit owner defaults in the owner's monetary obligations to the association, the association may notify other lien holders of the default and the association's intent to foreclose its lien. The association shall notify any holder of a recorded lien or duly perfected mechanic's lien against a unit who has given the association a written request for notification of the unit owner's monetary default or the association's intent to foreclose its lien.

Tex. Prop. Code § 82.113(h).

Without breach of a legal right belonging to the plaintiff no cause of action can accrue to his benefit. *Bustamante v. Miranda & Maldonado, P.C.*, 569 S.W.3d 852, 858 (Tex. App.—El Paso 2019, no pet.). The Association could have notified Eichner of its foreclosure sale but was not required to do so unless Eichner gave the Association a written request for notification of Dominguez's default or the

9

Association's intent to foreclose. Tex. Prop. Code § 82.113(h). The record does not reflect written notice from Eichner requesting notification from the Association. The Association did not breach a legal right belonging to Eichner when it foreclosed without notice to Eichner.

Moreover, section 51.002 of the Property Code, which governs the sale of real property under a contract lien, does not require that a junior lienholder give a senior lienholder notice of the intent to foreclose on defaulted property. *See* Tex. Prop. Code § 51.002(b) (lienholder only must send written notice to the property owner).

## 2. The Constitutional Assertion

In addition to its statutory argument, Eichner argues that the Association deprived it of due process under the United States Constitution by failing to give notice of the foreclosure. In its motion for new trial Eichner asserted that "[a] seizing creditor who avails itself of state foreclosure procedures is constitutionally obligated to provide 'notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action.'"

Before an action that will affect an interest in life, liberty, or property protected by the Due Process Clause of the Fourteenth Amendment, a State must provide notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 795 (1983). Eichner has not asserted a substantial property interest subject to the Due Process Clause of the United States Constitution.

When the property was originally foreclosed Eichner did not lose a substantial property interest because foreclosure does not terminate interests in the foreclosed real estate that are senior to the mortgage being foreclosed. *Atu v. Slaughter*, No. 14-

10

06-00771-CV, 2007 WL 2682198, at *3 (Tex. App.—Houston [14th Dist.] Sept. 13, 2007, no pet.) (mem. op.). In general, the successful bidder at a foreclosure takes title subject to prior liens. *Conversion Props., L.L.C. v. Kessler*, 994 S.W.2d 810, 813 (Tex. App.—Dallas 1999, pet. denied). A foreclosure does not terminate the senior interest in the foreclosed real estate. *Atu*, 2007 WL 2682198, at *3. Rather, the purchaser is charged with the primary liability for the payment of prior liens and must service them to avoid loss of the property. *Id*. The foreclosure did not terminate whatever interest Eichner holds in the condominium.

## C.    Eichner availed itself of a collateral procedure to protect its interest.

The trial court did not abuse its discretion in that, not only did Eichner not show a justiciable interest, but Eichner did not establish that the intervention was almost essential to effectively promote its interest. While this appeal was pending, Eichner sued Dominguez for money owed for accounting services and recovered a judgment after arbitration. *See Dominguez v. Kenneth D. Eichner, P.C.*, No. 01-17-00332-CV, 2018 WL 3117873, at *3 (Tex. App.—Houston [1st Dist.] June 26, 2018, no pet.) (mem. op.). Eichner has a legal remedy and, in fact, availed itself of that remedy. *See Dominguez*, 2018 WL 3117873, at *3 (affirming Eichner's judgment against Dominguez). We conclude Eichner did not show a justiciable interest in the underlying suit between Dominguez and the Association and did not show that intervention was almost essential to protect its interest. Therefore, the trial court did not abuse its discretion in striking Eichner's petition in intervention.

We overrule Eichner's first two issues, which challenged the trial court's granting of the motion to strike appellant's petition in intervention based on a justiciable interest. We also overrule appellant's third issue alleging that a fact question remains as to who holds a superior interest in the property.

**III.** **The Association did not waive its right to file a motion to strike the intervention.**

Eichner contends that the Association waived its right to file a motion to strike because the motion was not filed until this court found Eichner's lien was superior and remanded the case to the trial court. While a party can waive the right to complain by not moving to strike the intervention, *Bryant v. United Shortline Inc. Assur. Services, N.A.*, 984 S.W.2d 292, 295 (Tex. App.—Fort Worth 1998, no pet.), nothing in the Rules of Civil Procedure requires a party to move to strike intervention at a certain time. *See* Tex. R. Civ. P. 60. The Association, therefore, did not waive its right to file a motion to strike the intervention.

**IV.** **Eichner lacks standing to challenge the trial court's judgment.**

In Eichner's last three issues it challenges the trial court's final judgment signed after the motion to strike Eichner's intervention was granted.[4] In 2014, before the first appeal in this case, Dominguez and the Association entered into a Rule 11 agreement in which they agreed that Dominguez would make a one-time payment in the amount of $30,000 payable to the Association with the balance of $6,000 paid in 24 monthly installments of $250 each. In exchange for a release and the initial $30,000 payment the Association agreed to "deed the property . . . back to Ben Dominguez and execute a release of Judgment."

In the first appeal this court reversed the trial court's summary judgment order

---

[4] Eichner's last three issues read:

4. Did the trial court err in granting a Final Judgment?

5. Did the trial court err in signing a final judgment ordering Defendants to prepare all documents necessary to deliver title to the Subject Property to Plaintiff within 30 days of execution of final judgment?

6. Did the trial court err in signing a final judgment ordering Plaintiff to pay a total of $42,267.00 in satisfaction of both the Rule 11 Agreement and the special assessment to Defendants contemporaneously with the transfer of title to Plaintiff?

12

on the issue of Eichner's superior lien and reversed two paragraphs in the final judgment. *Eichner I*, 2017 WL 2561334, at *9. Because no party had challenged the remainder of the final judgment in the first appeal, we did not address that portion of the judgment. *Id.*

On February 9, 2018, following remand, the Association moved for entry of judgment on the parties' Rule 11 agreement. The trial court's final judgment reflected the parties' agreement. Eichner, despite not being bound by the judgment, challenges the trial court's rendition of judgment on the Association and Dominguez's agreement. *See Ctr. Rose Partners, Ltd. v. Bailey*, 587 S.W.3d 514, 531 (Tex. App.—Houston [14th Dist.] 2019, no pet.) ("Intervenors are parties until the trial court grants a motion to strike.").

Eichner's intervention was struck and it is not a party to the judgment of which it complains. The judgment ordered the Association to prepare all documents necessary to deliver title of the property to Dominguez. The judgment further ordered Dominguez to pay $36,000 in satisfaction of the Rule 11 agreement between the parties and $6,267 in satisfaction of the special assessment. The judgment did not address any claims Eichner asserted in its intervention. We therefore address whether Eichner has standing to assert error in the judgment between Dominguez and the Association.

In remanding this appeal the supreme court held that Eichner was a "party" who could appeal the judgment because the order striking its intervention was merged into the final judgment. *Eichner III*, 623 S.W.3d at 362–63. In reaching that conclusion the court determined that Eichner was a party for purposes of filing a motion for new trial and extending the appellate timetable. *Id.* The court, however, did not address Eichner's standing to challenge a judgment by which it is not bound.

Under Texas jurisprudence, an appeal can generally only be brought by a

13

named party to the suit. *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 754 (Tex. 2003). Standing is implicit in the concept of subject-matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Thus, an appellate court lacks jurisdiction to review a ruling appealed by a party without standing. *See id.* at 444. A party generally has standing to appeal a judgment only if the party is aggrieved by the judgment. *Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 775 (Tex. 2020).

Texas recognizes that one may be a "deemed party" under the doctrine of virtual representation. *City of San Benito*, 109 S.W.3d at 754–55. To be a deemed party, (1) the appellant must be bound by the judgment; (2) its privity of estate, title, or interest must appear from the record; and (3) there must be an identity of interest between the appellant and a party to the judgment. *Motor Vehicle Bd. of the Tex. Dep't of Transp. v. El Paso Indep. Auto. Dealers Ass'n*, 1 S.W.3d 108, 110 (Tex. 1999). The Texas Supreme Court has noted that, in determining whether an appellant should be considered a "party" for purposes of appeal, "the most important consideration is whether the appellant is bound by the judgment." *City of San Benito*, 109 S.W.3d at 754–55.

The only interest Eichner purports to represent is as owner of a superior lien on the property. As stated above, Eichner's superior lien did not create a justiciable interest in the suit between Dominguez and the Association and is not affected by the trial court's judgment. The contested judgment does not financially obligate Eichner in any respect, nor does the judgment preclude Eichner from exercising any of its rights. *See State v. Naylor*, 466 S.W.3d 783, 789 (Tex. 2015) (State lacked standing to challenge judgment that did not financially obligate the State or preclude the State from exercising its rights). Therefore, the trial court did not err in rendering judgment on appellees' Rule 11 agreement. The judgment is not affected by any

decision as to the superiority of Eichner's lien.

Eichner is not bound by the trial court's judgment. The judgment resolves the dispute between Dominguez and the Association. Eichner therefore fails the first part of the deemed-party test. In asserting that Eichner was aggrieved by the judgment between Dominguez and the Association Eichner relies on its assertions made in its first three issues that it had a justiciable interest in the controversy. Having overruled those issues, we conclude Eichner has not established standing to appeal the judgment by which it was not aggrieved. We therefore lack appellate jurisdiction to review the portion of the judgment that resolved the dispute between Dominguez and the Association. We overrule Eichner's issues four through six that attempt to challenge that portion of the judgment. *See Tex. Ass'n of Bus.*, 852 S.W.2d at 443 (holding that appellate court lacks jurisdiction to review an appeal from a party without standing).

## CONCLUSION

Having overruled Eichner's first three issues we affirm the portion of the trial court's judgment striking Eichner's intervention. Having determined we lack jurisdiction over the portion of the judgment resolving the dispute between Dominguez and the Association we dismiss that portion of the appeal.

/s/     Jerry Zimmerer
        Justice

Panel consists of Justices Wise, Zimmerer, and Spain.

15